IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PETER MRINA,                                    )<br>       Petitioner,                         )<br>                                                 )<br>v.                                               )<br>                                                 )<br>TUCKER ICE PROPERTY MANAGER, )<br>IMMIGRATION AND CUSTOMS         )<br>   ENFORCEMENT (ICE)                     )<br>       Respondents.                    ) | No. 3:18-CV-3415-L (BH)<br><br><br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Before the Court are the petitioner's *Emergency Stay of Deportation* and *Duplicate of Emmergency Stay* (sic)„received on February 4, 2019 (docs. 12, 13), and *Emergency State of Deportation*, received on February 5, 2019 (doc. 16). Based on the relevant findings and applicable law, the motions should be **DENIED**.

## I.  BACKGROUND

Peter Mrina (Petitioner), a citizen of Tanzania detained by the Immigration and Customs Enforcement (ICE) at the Prairieland Detention Center, filed a civil action against ICE and ICE property manager Mr. Tucker. (No. 3:18-CV-3400-L.) He alleged that he was detained on July 23, 2007, for overstaying his visa, and that on May 11, 2009, he was transferred from the Haskell Detention Center to Dallas County jail without his property, which included pants, a shirt, shoes, a watch, socks, and eleven legal diskettes. He claimed that ICE officials confiscated other property of his at the Dallas County jail, including his birth certificate, passport, "legal paper works," car titles, receipts, business letters, and bibles. He was released on June 18, 2010, but ICE was not able to locate his property. Mr. Tucker gave Petitioner a tort claim form that he filed on June 7, 2011.

When he inquired about the status of his tort claim, he was told that ICE could not comment on the ongoing case.

On November 15, 2018, Petitioner went to ICE for a supervision visit and was detained. On November 21, 2018, an ICE deportation officer gave him a travel document to fill out and sign, and Petitioner said that he would talk with his attorney. He asked the officer about his tort claim, but the officer said that he was not aware of that. Petitioner told the officer that he had informed ICE that he feared prosecution in Tanzania, and that he had denounced his citizenship due to fear of torture. On December 11, 2018, the officer said that he obtained Petitioner's "traveling documents." Petitioner asked about his tort claim, and he was told that he could "fight" it from Tanzania.

Because Petitioner sought to be released from detention and to have his removal be stopped until the conclusion of his tort claim, his challenge to his detention pending removal from the United States was construed as raising habeas claims under 28 U.S.C. § 2241. The habeas claims were severed from the civil action and opened in this habeas case. (*See* doc. 6.)

Petitioner's motion alleges that he has been informed that he will soon be removed from the United States. (*See* doc. 13 at 1.) He seeks an order staying his removal so that he may litigate his civil action in No. 3:18-CV-3400-L and pursue relief regarding his removal through the immigration judge. (*See* doc. 12 at 3.)

## II.  JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the

2

party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Petitioner asks that his pending removal be stayed. A request for a stay of removal is treated as a request for an injunction. *See Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003); *Ignacio v. INS*, 955 F.2d 295, 299 n.5 (5th Cir. 1992). Title 8 U.S.C. § 1252(g) provides that:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Under § 1252(g), a district court lacks jurisdiction to stay an order of removal. *Idokogi*, 66 F. App'x 526. Because this Court lacks jurisdiction to grant the injunctive relief sought by Petitioner, the motions for a stay of removal should be denied. *See Fabuluje v. Immigration and Naturalization Agency*, 244 F.3d 133 (5th Cir. 2000) (affirming the district court's denial of injunctive relief for lack of jurisdiction under § 1252(g)).

### III. RECOMMENDATION

The motions for a stay of removal should be **DENIED**.

**SIGNED on this 5th day of February, 2019**.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                      _____
                                                                         IRMA CARRILLO RAMIREZ
                                                                   UNITED STATES MAGISTRATE JUDGE