IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PETER MRINA,                                     )<br>　　　Petitioner,　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　　　　 )<br>v.　　　　　　　　　　　　　　　　　　　　 )　　No. 3:18-CV-3415-L (BH)<br>　　　　　　　　　　　　　　　　　　　　　 )<br>TUCKER ICE PROPERTY MANAGER,     )<br>IMMIGRATION AND CUSTOMS         )<br>　　　ENFORCEMENT (ICE)　　　　　　　 )<br>　　　　Respondents.　　　　　　　　　　　 )　　Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Application to Proceed In District Court Without Prepaying Fees or Costs,* received on December 26, 2018 (doc. 5). Based on the relevant findings and applicable law, the application should be **DENIED**, and the case should be dismissed without prejudice for failure to follow an order of the court.

## I.  BACKGROUND

Peter Mrina (Petitioner), a citizen of Tanzania detained by the Immigration and Customs Enforcement (ICE) at the Prairieland Detention Center, filed a civil action against ICE and ICE property manager Mr. Tucker under the Federal Tort Claims Act (FTCA). (No. 3:18-CV-3400-L, doc. 3.) He alleged that he was detained on July 23, 2007, for overstaying his visa, and that on May 11, 2009, he was transferred from the Haskell Detention Center to Dallas County jail without his property. ICE officials confiscated other property of his at the Dallas County jail. He was released on June 18, 2010, but ICE was not able to locate his property. Petitioner filed his tort claim form with ICE on June 7, 2011. Because Petitioner's FTCA suit also sought his release from detention and a stay of removal pending its conclusion, his challenge to his detention pending removal from

the United States was construed as a habeas petition under 28 U.S.C. § 2241. The habeas claims were severed from the FTCA action and opened in this habeas case. (*See* doc. 6.)

Petitioner's application to proceed *in forma pauperis* (IFP) in the FTCA action showed that his inmate trust account had a balance of $41.96 as of the date of its preparation, and a balance of $71.49 at the beginning of December 2018. It showed that he had sufficient funds to pay the $5.00 filing fee. Based on this information, the Court issued an order on December 28, 2018, finding that Petitioner should be denied leave to proceed *in forma pauperis* (IFP) in this habeas case, but giving him thirty days to pay the required $5.00 filing fee. (doc. 7.) The order warned that failure to pay the fee could result in a formal recommendation that IFP status be denied and that his habeas case be dismissed. (*Id.*) More than thirty days have passed, but Petitioner has not paid the filing fee or otherwise responded to the order to pay the fee for this habeas case.

## I.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.; see also* Misc. Order 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account and other resources exceed $50.00).

As noted, Petitioner's IFP application showed a balance of $41.96 as of the date of its preparation, and a balance of $71.49 at the beginning of December 2018. It showed that he had

sufficient funds to pay the $5.00 filing fee. He has not shown that he has any demands on his financial resources or that he will suffer undue financial hardship after payment of the $5.00 filing fee for this habeas action. His IFP motion should therefore be denied.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner was given 30 days to pay the filing fee, and he was specifically warned that failure to do so could result in dismissal of this habeas action. He still has not paid the fee or otherwise responded to the order to pay the fee. Because he failed to comply with the order that he pay the $5 filing fee, and has not otherwise responded to it, this habeas case should be dismissed for failure to prosecute or follow an order of the court.

## III. RECOMMENDATION

Leave to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow an order of the court, unless Petitioner pays the $5.00 filing fee within the time for objecting to this recommendation or by some other deadline set by the Court.

**SIGNED on this 18th day of March, 2019**.

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE