IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PETER MRINA, )<br>      Petitioner, )<br>)<br>v. )<br>)<br>IMMIGRATION AND CUSTOMS )<br>ENFORCEMENT (ICE), et al. )<br>      Respondents. ) | No. 3:18-CV-3415-L (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be **DISMISSED** for lack of jurisdiction.

**I.  BACKGROUND**

Peter Mrina (Petitioner), a citizen of Tanzania detained by the Immigration and Customs Enforcement (ICE) at the Prairieland Detention Center, filed a civil action against ICE and ICE property manager Mr. Tucker under the Federal Tort Claims Act (FTCA). (No. 3:18-CV-3400-L, doc. 3.) He alleged that he was detained on July 23, 2007, for overstaying his visa, and that he was transferred from the Haskell Detention Center to Dallas County jail without his property on May 11, 2009. ICE officials confiscated other property of his at the Dallas County jail. He was released on June 18, 2010, but ICE was not able to locate his property. Petitioner filed his tort claim form with ICE on June 7, 2011. Because Petitioner's FTCA suit also sought his release from detention and a stay of removal from the United States pending its conclusion, his challenge to his detention pending removal was construed as a habeas petition under 28 U.S.C. § 2241, severed from the FTCA action, and opened as this new habeas case. (*See* doc. 6.)

Petitioner's amended habeas petition names ICE and Warden Jimmy Johnson as

Respondents. (*See* doc. 10 at 1.)[1] He alleges that although he is under a removal order, his immigration status should be that of "lawful presence" that makes him admissible and not deportable. (*See* doc. 23 at 4.) Petitioner also argues that his detention is immoral and cruel and unusual punishment because his property was confiscated in violation of his right to due process. (See doc. 11 at 2.) He seeks to have his removal stayed and to be released from detention pending the outcome of his FTCA case. (*See* doc. 10 at 7.)

## II. ANALYSIS

Title 8 U.S.C. § 1252(g) provides that:

Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Under § 1252(g), a district court lacks jurisdiction to stay an order of removal. *Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003). This Court lacks jurisdiction to grant Petitioner the stay of the removal order that he seeks.

Petitioner also seeks release from detention, ostensibly on grounds that his detention is based on an invalid removal order and because he has a pending FTCA action. This Court also lacks jurisdiction to review the removal order. 8 U.S.C. § 1252(a)(5) (petition for review in the court of appeals is the exclusive means for review of a removal order); *see Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011) (district courts lack jurisdiction to review a removal order). His request for release while his FTCA case is pending is essentially another way of requesting a stay of his

---

[1] Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

removal, which as noted, this Court lacks jurisdiction to grant.

Finally, to the extent that Petitioner is attempting to raise civil rights claims regarding the confiscation of his property or the conditions of his detention, they may not be considered in this habeas case. Courts may only consider federal habeas petitions on grounds that the petitioner is in custody in violation of the Constitution or federal laws. *See Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). As noted, Petitioner raised claims regarding the deprivation of his property in his pending civil suit, from which his habeas claims were severed. Any non-habeas civil claims should be dismissed without prejudice to raising them in that separate civil action.

### III.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DISMISSED** for lack of jurisdiction, and any non-habeas civil claims should be **DISMISSED** without prejudice to properly raising them in Petitioner's separate civil action.

**SIGNED** this 26th day of April, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE