IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PETER MRINA,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:18-CV-3415-L** |
| | § | |
| **IMMIGRATION AND CUSTOMS** | § | |
| **ENFORCEMENT (ICE); TUCKER ICE** | § | |
| **PROPERTY MANAGER; and JIMMY** | § | |
| **JOHNSON,** | § | |
| | § | |
| Respondents. | § | |

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Reports") (Docs. 17, 28) were entered on February 5, 2019, and April 26, 2019, recommending that the court: (1) deny for lack of jurisdiction Petitioner's Emergency Motions for Stay of Deportation (Docs. 12, 16); (2) deny or dismiss without prejudice for lack of jurisdiction over Petitioner's habeas corpus claims under 28 U.S.C. § 2241 (Docs. 3, 10); and (3) dismiss without prejudice any remaining non-habeas civil claims regarding deprivation of property, which have been raised in a separate civil action filed by Petitioner. No objections to the Reports were filed.

Having reviewed the pleadings, file, record in this case, and Reports, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** all habeas and non-habeas claims asserted in this action by Petitioner for the reasons stated in the Reports. Rather than ruling on Petitioner's motions, the court **directs** the clerk of the court to term all pending motions, including

Petitioner's Emergency Motions for Stay of Deportation (Docs. 12, 16), as it agrees that it does not have jurisdiction over the requests for relief included in these motions.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Reports. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 21st day of May, 2019.

Sam A. Lindsay
United States District Judge

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

> **(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.